Van Schaick
v.
Trotter.

*Special bail will not be discharged, because their principal is imprisoned on conviction for a crime, unless it be for life; or for a long term in another state.*

---

VAN SCHAICK *against* TROTTER and DUNN, impleaded with Douglass.

A CAPIAS AD RESPONDENDUM was issued and delivered to the sheriff, against the defendants, on the 28*th* of *October*, 1826, returnable the same day. The suit was to recover the amount of certain promissory notes given by the defendants jointly. The plaintiff required no bail; and the sheriff drew the endorsement of an appearance on the back of the capias; and saw *Trotter* and *Dunn*, on the

*In an action against several, if one pleads to issue, and another suffers judgment by default, damages must be assessed against both at the same time, by the jury who try the issue.*

The plaintiff cannot carry the cause down to trial, till a judgment by default is entered against the one who omits to plead.

Where a plaintiff inadvertently takes a judgment by default, without filing common bail, or causing the defendant's appearance to be entered, the court will allow either to be done on payment of costs; and if the omission be occasioned by the defendant's fault, then without costs.

ALBANY,
Feb. 1827.

Van Schaick
v.
Trotter.

return day, who promised to endorse their appearance ; but this was not done. The sheriff returned the *capias, cepi corpora*, as to *Trotter* and *Dunn*, the two defendants taken, and *non est inventus* as to the other ; and on the *Monday* following, informed the plaintiff's attorneys, that he had served the process on two of the defendants ; but the other was not found.

*Trotter* and *Douglass* retained an attorney, who gave notice of retainer. The plaintiff declared ; and on the 8th of *January* last, the defendant, *Trotter*, pleaded the general issue to two counts ; and demurred generally to two others ; the declaration containing four counts. *Dunn* did not plead ; and his default, for want of a plea, was entered on the 22d of *January* last. The plaintiff took an inquest upon the issue, and assessed contingent damages on the demurrer at the *Albany* circuit, *February* 6th, 1827, on a venire *tam quam ;* and the damages were found and assessed by the jury against *Trotter* only. The plaintiff then, at this term, entered the judgment by default, and noticed the assessment of damages against *Dunn*, before the clerk. No appearance was yet entered, or common bail filed for *Dunn.*

*L. Gardenier*, moved to set aside the default against *Dunn*, and the inquest against *Trotter*, for irregularity. He cited 7 *John.* 270 ; 1 *Dunl. Pr.* 569, 70 ; 3 *Saund.* 300 *a. ; Tidd's Pr.* 671 ; *Tidd's App.* 164 ; 6 *John. Rep.* 325 ; 11 *Co. Rep.* 5 ; 1 *Lil. Ent.* 137 ; 2 *B. & P.* 163 ; 1 *Archb. Pr.* 9 ; 1 *Sell. Pr.* 11 ; *Rich. Pr. C. P.* 11 ; *Rich. Pr. K. B.* 225.

*J. King*, contra, cited 1 *Dunl. Pr.* 569, 570 ; 3 *Saund.* 300, *a. ; Tidd's Pr.* 671 ; 3 *John.* 153 ; 2 *Cowen*, 43.

*Curia.* The inquest was irregular ; and must be set aside with costs. Where there is an issue as to one defendant, and a default as to another, the damages should be assessed against both defendants by a jury at the circuit, on a venire *tam quam.* The note was against all the defendants ; they were all sued ; and the plaintiff could not

carry down the issue for trial as to both, till he had obtained judgment by default against *Dunn*. (17 *John.* 270.) The cause would then have been in a state for trying the issue as to one, and assessing the damages against both. The course taken here might, and probably would, result in a different amount of damages against different defendants, on the same joint contract.

We deny the motion to set aside the default, and any of the subsequent proceedings, except the inquest. The plaintiff proceeded in good faith; having every reason to suppose that an appearance was endorsed upon the process. If this had been done, and the clerk had inadvertently omitted to enter it, we, of course, should have allowed it to be done *nunc pro tunc.* (1 *Caines,* 512.) It is also much a matter of course to allow common bail to be filed, where it is omitted by the plaintiff through mistake or inadvertence. (2 *Cowen,* 43.) Here the plaintiff was misled; and that too, in some degree, by the act of the defendants themselves. They promised the sheriff to endorse their appearance; but omitted to do so. The plaintiff may now enter their appearance, or file common bail *nunc pro tunc,* without costs.

This saves the proceedings in their present situation, except as to the inquest. The issue and default both stand, upon which the plaintiff can go regularly down to the next circuit, and try his issue, joined with *Trotter,* and assess damages against *Dunn* simultaneously.

<div align="right">Rule accordingly.</div>