By the Court. Hoffman, J.
First. As to the order of the 16th of November, 1857.
The defendant, Smith, upon an affidavit of his own, and the judgment-roll, obtained an order to show cause why the judgment of August 11th should not be vacated, for various specified irregularities.
Mr. Justice Duer heard the application, on the moving and opposing papers, and denied the motion to vacate the judgment, but modified it by striking out in favor of the defendant a provision which subjected him to $41, an amount of certain costs. He also allowed an amendment of the summons, by changing the name of the attorneys from Field and Sluyter, to Dudley Field.
The application by this defendant to the Judge at Special Term, was a recognition of his authority to act in the matter, unless it was so plainly coram non judice, that consent could not give jurisdiction.
This was not the case. The application was to the Court, to be relieved from a judgment, and to be let in to defend upon the merits. It was made under the 174th section of the Code.
The correction of the summons was plainly within the power of the Court to make, and was properly made.
The authorities cited as to amending a record are decisive. There is nothing in the Code to prevent their application. (14 John. Rep. 219; 19 Id. 244; 17 Id. 86.)
But we consider that the method of amending pursued in this case, by an obliteration or erasure, even when it leaves the passage legible, is not the proper mode. It should be by appending the order of amendment to the roll, as well as by entering it in the proper book, and by referring in the margin of the entry of the judgment to an amendment as made by an order of such a *675 date. The portions changed or omitted, could be designated by brackets, underscoring or otherwise. Or the judgment may be entered anew as amended.
In chancery, the register was sometimes directed to attend with the decree, and make the alteration in open court, which the Judge countersigned with his initials. (1 Russell’s Rep. 476; 1 Swans. 573, n.)
Ko serious inconvenience can arise in the present case from the course adopted. Certainly it is not a ground for vacating a judgment. But the practice should be such as we have indicated.
Second. As to the judgment of the 11th of August, 1857, and the appeal therefrom, the only question of moment upon this appeal, is this:—•
When there are several defendants in an action, and one does not appear, or answer, and others do so, may the judgment at the trial be taken as to all ? that is, against the one upon his default, and as to the others, upon the pleadings and proofs whether against them, or in their favor ? And may this be done where, as in the present case, the claim is a money demand, and the complaint is not sworn to ?
The defendant contends, that the judgment could only be taken against him under the 246th section of the Code; that it must be entered by the clerk; that it cannot be rendered or directed by the Court.
It may be useful to advert to the former practice, if we have not a definite rule, prescribed in the Code, that is to govern.
In chancery, an order was entered taking the bill as confessed by any defendant, as the complainant became entitled to the order ; but this was only the foundation of a decree as to such defendant, when the case was brought on as to the others. There was no final decree which previously determined the case as to him. The order, taking the bill as confessed, was produced at the hearing, and recited in the decree.
Similar to this, was the practice at common law, of entering a default upon affidavit of service of the declaration and notice of • the rule to plead. A common rule was entered in the clerk’s office. It was the registration of a default. Then followed, in or- • dinary cases, the interlocutory judgment and order, that the jury *676 who should try the issue should also assess the damages against the defaulting defendant.
But I understand the law to be, that except in cases of bills of exchange and promissory notes, provided for in the statute of 1835, (Sess. laws, 248, § 2,) there cannot be a separate final judgment against one of several parties sued, nor until it can be taken against all. (Sec. 4 of the Act of 1832; laws, p. 489.)
The rule was stated in Van Schaick v. Trotter & Dunn, (6 Cow. 599,) that in an action against several, if one pleads to issue, and another suffers judgment by default, damages must be assessed against both at the same time by the jury who try the issue. The j udgment by default is entered as to the one before the issue is carried down for trial. Then the trial proceeds upon the defence as to one, and to try the cause as to the other, assessing the damages as to both or one, as the case may result.
Justice Birdseye, in Catlin v. Latson, (4 Abbott, 248,) has examined the subject with care, and treats this as the settled practice. He notices the Act of 1833, (ch. 271,) dispensing with the entry of an interlocutory judgment, and requiring only the entry of the default for not pleading.
And Justice Harris, in Bacon v. Comstock, (11 How. Rep. 198,) observed, that “the common-law rule was, that the judgment must dispose of all the rights of the parties. There could not be two final judgments in the same action. If the action was against two, and one of them made default, while the other interposed a defence, the plaintiff was required to omit entering judgment against the former, until the issue with the latter had been determined.”
The principal sections of the Code which bear upon this question, are the 246th, the 136th, and the 274th.
The judgment which is provided for under the 274th section, is a judgment after trial, in either of the modes provided in chapters 2, 3, 4, and 5, for the trial of issues of fact or law. By that section judgment may be given for or against one or more of several defendants; or judgment may, in the discretion of the Court, be rendered against one or more, and the suit proceed against the others. This is to be by the order of the Court.
Section 246, which permits a judgment to be entered by the clerk, in an action on a contract for recovery of money, allows *677 it against the defendants, or one of them, in the cases provided for in section 136.
The third subdivision of section 136 applies to the present case. If all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would have been entitled to judgment against such defendants or defendant, if the action had been against them, or him alone.
We may, first, observe that section 246 may be reasonably construed as permissive only, sanctioning the entry of judgment by the clerk, but not prohibiting the entry of it by direction of the Court, upon a trial of the cause as to several defendants.
But again, the third subdivision of section 136, applies to a case where, on the pleadings a separate judgment could be properly taken, and the separate proceeding, under section 246, is in such a case only. Where the contract is several, a several judgment may be had. Where it is joint it cannot be had, except under section 274; and this can only be after trial.
Such is the received construction of section 136. It was so stated by Justice Parker, in the Meohanics' Bank v. Rider, (5 Howard, 412;) and although this was a dissenting opinion, the case being, as to the admissibility of a co-defendant, yet, upon the present question, his view is unaffected by the decison. This is made clear by the fact, that Justice Harris, who delivered the judgment of the Court, decided the subsequent case of Bacon v. Comstock, (11 Howard, 197.) He held that, in an action upon a joint liability against two defendants, it was irregular to enter judgment against one who makes default, before the issues are disposed of as to another who defends. He refers to the 274th section of the Code, as authorizing the Court to do this.
And Justice Birdseye, in Catlin v. Lawson, before referred to, is very clear to the same point. If the suit is upon a joint responsibility, the interposition of a defence by one prevents a judgment against either, until the trial.
Third. The remaining point relates to the costs, which it is said, have been taxed at a sum not warranted by the statute. The bill has been adjusted at $48.
The Code has not provided for a revision of the adjustment of - costs made by the clerk, to whom the duty is confided. (6 Howard, 413.) The practice has been sanctioned by authority, of *678 bringing the subject before a Judge of the court, generally by a motion in the nature of an appeal, at Special Term. (15 Barbour, 132 ; 4 Duer, 681; 10 Howard, 142.)
The rule appears to have been, that an erroneous taxation of costs was not the foundation of a writ of error. (Ibid.) Yet, in the Court of Chancery, an appeal from the taxation by a Vice-Chancellor would lie.
Under the Code, an appeal has been supported, when the allowance made exceeded the amount limited by the statute, although none is permitted for granting or refusing an allowance. (4 Abbott’s Rep. 98.)
In the present case, the question is brought up by an appeal, not only from the judgment, but from an order which, in effect, denied an application to correct the adjustment of costs which were unauthorized by the statute. We think the question is •properly before the General Term.
Then as to the items :—The trial fee of $20 is clearly inadmissible, (11 Howard, 502.) The item of $10 was, also, improperly allowed, (8 Howard, 33.) The cause was not noticed for trial as to this defendant.
After some hesitation, we think, also, that the $15 for proceedings before notice of trial, must be reduced to $10.
The judgment and order appealed from, are, in all respects, affirmed, except that the costs are to be reduced to $13.06. No costs to either party upon the appeals.
Order accordingly.