## Bogert *vs.* Bogert and others.

On a motion for an order requiring the purchaser at a sale in a partition suit to complete his purchase, the purchaser objected to the regularity of the proceedings, in that suit, on the ground that there was no proof of the service of the summons on the defendants. It appeared, however, that an order was subsequently made, directing the affidavit of service to be filed *nunc pro tunc*. *Held* that this order was valid, and remedied the defect. And that it would have been sufficient, on this motion, to have shown affirmatively that such service was made.

The purchaser also objected that the guardian *ad litem* was appointed without proof of service of the summons on the infant defendant; and that the guardian did not furnish proof that he was not connected in business with the attorney of the plaintiff; that he had no adverse interest to him; and that he was able to respond in any damages the infant might sustain by his negligence. *Held* that the defect was cured by an order directing such affidavit to be filed *nunc pro tunc*.

There is no statutory provision requiring the guardian *ad litem* in a partition suit to put in an answer; although it is advisable that an answer should be filed, to protect the guardian, if he is ignorant of the infant's interest in the property.

Where he knows the rights of his client, and is willing to assume the responsibility, there is no reason, *it seems*, why he may not consent to the partition. At any rate, the want of an answer does not affect the regularity of the proceedings.

The want of proof of service of the summons on new parties who are added after the commencement of the suit, and the want of an affidavit that no answer or demurrer has been filed, may be remedied by an order directing such affidavit to be filed, and by affidavit showing that such service has been made.

All objections of the above nature are mere irregularities not affecting the jurisdiction of the court, which may be cured by an amendment; and when orders for that purpose are made and filed, the amendment is supposed to be made in the paper.

THIS was a motion made at special term for an order requiring the purchaser to complete the purchase by him of land sold in this action. The object of the action was to partition property of Peter J. Bogert, who died intestate. Various objections were made to the regularity of the proceedings, which were overruled, and an order was made at special term directing the purchaser to complete the purchase made by him. From this order the purchaser appealed.

*Amos G. Hull*, for the appellant.

*F. C. Cantine*, for the respondent.

*By the Court*, INGRAHAM, P. J.   On the motion, at special term, the purchaser objected to the regularity of the proceedings on these grounds:

1. That there was no proof of service of summons on the infant Frederick Bogert, or on the other defendants. This objection was remedied by an order subsequently made directing the affidavit of service to be filed *nunc pro tunc*. Such an order was valid and relieved the defect. It would have been sufficient on this motion to have shown affirmatively that such service had been made.

2. That the guardian *ad litem* was appointed without proof of service of the summons on the infant, and that the guardian did not furnish proof that he was not connected in business with the attorney of the plaintiff, had no adverse interest to him, and was able to respond in any damages the infant might sustain by his negligence. The order of Judge Welles directed this affidavit to be filed *nunc pro tunc*, and this disposes of these objections.

3. That no answer was filed by the guardian *ad litem*. The affidavits show that such answer was served and was mislaid. There is no statutory provision requiring the guardian to put in an answer, although it is advisable that such answer should be filed to protect the guardian if he is ignorant of the infant's interest in the property. Where he knows the rights of his client, and is willing to assume the responsibility, I know no reason why he may not consent to the partition. At any rate it does not affect the regularity of the proceedings.

4. The want of proof of service of summons on the new parties who were added, and the want of an affidavit that no answer or demurrer had been filed, were likewise remedied by

Bogert *v.* Bogert.

the order directing such affidavit to be filed and by affidavit showing that such service had been made.

All these objections are mere irregularities not affecting the jurisdiction of the court, which may be cured by an amendment; and when orders are made for that purpose and filed, the amendment is supposed to be made in the papers.

The remaining objection is that four years has not elapsed since the testator's death, and therefore a good title can not be given if it should be found that his personal estate was insufficient to pay his debts. The referee finds there are no creditors having liens on this property. These objections were disposed of by the Chancellor in *Spring* v. *Sandford*, (7 *Paige*, 550.) The party objecting should show that there is some cause to believe the personal estate was insufficient to pay the debts. The Chancellor says, if the party had sworn to his belief that there was a will, or that there were debts due by the estate, he would order a reference to enquire as to these facts. In the absence of any proof to that effect, the presumption is adverse thereto. (*Disbrow* v. *Folger*, 5 *Abb.* 53.)

There are no objections made which would relieve the purchaser from completing his purchase.

The order should be affirmed.

[NEW YORK GENERAL TERM, November 7, 1865. *Ingraham, Leonard* and *Geo. G. Barnard*, Justices.]