Wood *v.* Martin.

---

# WOOD *vs.* MARTIN.

In a judgment of foreclosure there was a clerical error, which consisted in giving a distance, in the description of the premises, as "about 193 feet four inches," instead of "about 123 feet four inches," which was the correct distance. The mortgage correctly described the premises sold by the referee; and they were correctly described in the *lis pendens,* and in all the proceedings except the judgment. Following the words of description, in the judgment was a reference to a deed, made by the plaintiff to the defendant, in which the description was correct. The referee sold the premises described in the mortgage, and there was no pretence that the purchaser was misled. The report of sale was correct in its description; and after the sale an order of the court was, upon consent of all the parties who had appeared in the action, and upon all the proceedings had therein, entered, *nunc pro tunc,* amending the judgment by correcting the erroneous description of the premises. *Held* that the court had ample power to make such amendment. And an objection to the title, made by the purchaser, based upon the clerical error found in the judgment, was overruled.

An application, in a partition suit, by infant defendants over fourteen years of age, for the appointment of a guardian *ad litem,* may be made before the service of the summons.

As to infants under fourteen years of age, the appointment of a guardian

Wood *v.* Martin.

*ad litem* before service of a summons is, at most, an irregularity, to which objection must be taken within a reasonable period.

Where it appears that a guardian *ad litem* was appointed, and the proceedings for partition perfected nearly twenty years since, the presumption—in the absence of any proof that the guardian *ad litem* was appointed before actual service of the summons—is rather in favor of the regularity of the proceedings.

Where it is shown that the court had jurisdiction of the subject matter, and of the parties, in a partition suit, and appointed guardians *ad litem* for the infant defendants, the title of the infants will be held to have been carried by the judgment therein; and they cannot question the validity of the proceedings for partition. The judgment, in such action, is conclusive upon the infants and their privies.

MOTION to compel a purchaser at a sale in a foreclosure suit to complete his purchase and take a title.

*Julius T. Davies*, for the motion.

*George S. Stitt*, opposed.

HARDIN, J. Upon the argument of this motion two grounds of objection were taken, by the purchaser, in respect to the title to the premises embraced in the mortgage and purchase.

The first relates to a clerical error in respect to the description of the premises, in the original judgment of foreclosure. Confessedly, the mortgage correctly describes the premises sold by the referee; and they are correctly described in the *lis pendens*, and in all the proceedings, except the original judgment entered. In the judgment, sufficient reference is made to the "mortgaged premises" to enable any person reading the judgment, by reference to the mortgage, and *lis pendens*, to determine the precise parcel intended to be embraced in the judgment.

The error consists only in giving an erroneous distance. The words in which the error occurred are— "beginning at a point on the northerly line of 59th

Wood *v.* Martin.

street distant about 193 feet four inches easterly from the corner formed by the intersection of the northerly line of 59th street with the easterly line of Madison Avenue at and opposite the end of the middle line of a *certain* party-wall running thence northwardly along said middle line of said party-wall, and parallel with Madison Avenue, 100 feet five inches, to the middle of the block," &c. The correct distance should be "about 123 feet four inches," instead of 193 feet four inches. Following the words of description is a reference to a deed made by the plaintiff to the defendant Martin, in which the description is correct and precisely as set out in the mortgage and all the papers in these proceedings except the original judgment.

The court, in virtue of the mortgage, power of sale contained therein and the statute in such cases made and provided, acquired jurisdiction over the precise premises purchased by the bidder, and over no others; and the error is but a clerical one, manifest from an inspection of the complaint, the deed referred to in the judgment and the *lis pendens* filed. The referee made the sale of the premises described in the mortgage, and the purchaser understandingly became the purchaser of the precise premises covered by the mortgage. There is no pretence that the purchaser was misled. The report of the referee of his sale was correct in its description, and since the sale took place, an order of this court upon consent of all the parties who have appeared in the action, and upon all the proceedings had herein, has been entered *nunc pro tunc*, amending the decree in the respect alluded to.

The court had ample power to allow such an amendment. (*Code*, § 173. *Hogan* v. *Hoyt*, 37 *N. Y.* 300. 3 *John.* 518. 18 *id.* 502. 2 *John. Cas.* 121. 14 *Abb.* 161. 2 *Bosw.* 673. *Bogert* v. *Bogert*, 45 *Barb.* 121. 5 *Abb.* 451.)

The objection made by the purchaser, based upon the

clerical error found in the original judgment, must therefore be overruled.

The next objection is based upon a statement that in the partition suit affecting the title to the premises, wherein *Alston and others* were plaintiffs, and *Jones and others* defendants, the proof of service of summons upon infant defendants does not state "the time of service, nor that the said services were made before the partition and orders were made and filed appointing guardians for said defendants."

As to the infant over fourteen years of age, it is immaterial, as the application by such infant for the appointment of a guardian *ad litem* is good, even without prior service of summons.

As to the infants under fourteen years, there is no proof that the guardian *ad litem* was appointed before actual service of summons; and there having been a guardian *ad litem* appointed and the proceedings perfected nearly twenty years since, the presumptions are rather in favor of their regularity. Especially is this so, as the appointment of a guardian *ad litem* before service of a summons is, at most, an irregularity to which objection must be taken within a reasonable period. (*McMurray* v. *McMurray*, 9 *Abb. N. S.* 315.)

But, independent of that view of the case, it must be held that the proceedings in the partition suit were valid. The court had jurisdiction of the subject matter, and of the parties, and having appointed guardians *ad litem* for the infants, their title was carried by the judgment, and they cannot question the validity of the partition proceedings. (*Croghan* v. *Livingston*, 17 *N. Y.* 218. *Rogers* v. *McLean*, 34 *id.* 536.)

By section 448 of the Code, all the provisions of the Revised Statutes relating to the partition of lands are made applicable to actions brought under the Code for partition of real estate. Under the Revised Statutes, it was held that a guardian *ad litem* might be appointed

before the actual service of summons upon an infant, in the manner prescribed by the Revised Statutes. (*Althause* v. *Radde*, 3 *Bosw.* 410.)

The conclusion is reached that the court had jurisdiction of the subject matter, and of the infants, in the partition suit, and the judgment is conclusive upon the infants and their privies, and there is no defect in the title which the bidder has agreed to take ; and therefore an order must be allowed requiring him to complete his purchase.

The order will be effectual upon production to the purchaser of a satisfaction or release of the Dry Dock Savings Institution mortgage. That condition was assented to by the respective counsel, upon the argument of the motion.

Order accordingly.

[NEW YORK SPECIAL TERM, February 3, 1873. *Hardin*, Justice.]